EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Melvin Colón Bonet<br><br>Recurrido | Certiorari<br><br>2018 TSPR 55<br><br>200 DPR \_\_\_\_ |

Número del Caso: CC-2017-157


Fecha: 9 de abril de 2018


Tribunal de Apelaciones:

        Región Judicial de San Juan-Fajardo


Abogados de la parte peticionaria:

        Lcdo. Ramón Mendoza Rosario
        Lcda. Zulma Fuster Troche


Abogados de la parte recurrida:

        Lcdo. Harry Anduze Montano
        Lcdo. José Morales Boscio



Materia: Forma en que el Panel sobre el Fiscal Especial Independiente puede prolongar el plazo dispuesto por ley para presentar denuncias criminales.




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

El Pueblo de Puerto Rico

    Peticionario

      v.                CC-2017-0157

    Melvin Colón Bonet

      Recurrido

**EL JUEZ ASOCIADO SEÑOR RIVERA GARCÍA emitió la opinión del Tribunal**

En San Juan, Puerto Rico, a 9 de abril de 2018.

El presente caso nos da la oportunidad de pronunciarnos respecto al término que establece la Ley del Fiscal Especial Independiente, *infra*, para que un fiscal especial inste las denuncias en una investigación encomendada. Nos invita a ponderar cómo el Panel sobre el Fiscal Especial Independiente (Panel o PFEI) puede prolongar dicho plazo. En particular, debemos contemplar si el estatuto impone al fiscal especial un deber de peticionar una prórroga y acreditar la existencia de justa causa como condición para que se pueda alargar dicho periodo. Asimismo, tenemos que justipreciar si la inobservancia de estas condiciones priva a un fiscal especial de jurisdicción

para incoar los cargos. Por los fundamentos que enunciaremos, resolvemos que la Ley del Fiscal Especial Independiente, *infra*, facultó al PFEI para extender el término con la única exigencia de que ello sea justificado. Por lo tanto, en las instancias que el Panel actúe justificadamente, el fiscal especial no perderá jurisdicción para encausar a un empleado público una vez transcurra el plazo de treinta días desde que concluyó la investigación de fondo.

A continuación, reseñaremos el cuadro fáctico material del caso que nos ocupa.

## I

La actual controversia tuvo su génesis cuando el Comisionado de la Policía Municipal de Guaynabo peticionó que se investigara la presunta intervención ilegal de un fiscal, el Lcdo. Melvin Colón Bonet (licenciado Colón Bonet o recurrido), en una investigación criminal que estaba en curso contra su pareja. Como consecuencia de ello, el 10 de junio de 2015 el entonces Secretario de Justicia (Secretario) sometió al PFEI un informe de la investigación preliminar que realizó el Departamento de Justicia. A raíz de esto, el 26 de junio de 2015 el PFEI emitió una resolución a través de la cual designó a la Lcda. Zulma I. Fúster Troche y al Lcdo. Ramón M. Mendoza Rosario (en conjunto los fiscales o peticionarios) como fiscales especiales. Les encomendó que llevaran a cabo una investigación a fondo sobre los hechos imputados al licenciado

Colón Bonet y que rindieran un informe final en un término de noventa días.[1]

Antes de que el plazo expirara, los peticionarios solicitaron al Panel un periodo adicional para culminar la investigación. Consecuentemente, el 22 de septiembre de 2015 el PFEI dictó una resolución en la cual les confirió un término de cincuenta días ——hasta el 13 de noviembre de 2015—— para que efectuaran una determinación final sobre la investigación. Sin embargo, previo a que finalizara el nuevo plazo, los fiscales peticionaron un periodo adicional para completar su encomienda. En consideración a ello, el 10 de noviembre de 2015 el Panel emitió otra resolución en la que accedió al petitorio e instruyó sobre la obligación de completar la investigación y presentar un informe para el 4 de diciembre de 2015.

Como se les ordenó, el 4 de diciembre de 2015 los peticionarios cursaron al PFEI su *Informe*.[2] Concluyeron que el licenciado Colón Bonet incurrió en conducta delictiva. En específico, puntualizaron que el recurrido utilizó su puesto de Fiscal Auxiliar II para preparar y diligenciar un *subpoena* con el propósito de obtener el video de un accidente en el cual se vio involucrada su pareja. Esbozaron que presentarían en su contra los cargos siguientes: *primero*, por aprovechamiento ilícito de trabajos o servicios (Art. 252 del Código Penal); y, *segundo*, por infringir al Art. 4.2(b) de la Ley de Ética

---

[1] Resolución, Apéndice de la Petición de *Certiorari*, págs. 464-467.
[2] Informe sobre culminación de investigación y radicación de cargos en el caso de los fiscales Melvin Colón Bonet y Enrique Rivera Mendoza, Apéndice de la Petición de *Certiorari*, pág. 417.

Gubernamental. Manifestaron que, dado al decreto del receso navideño, presentarían las denuncias entre el 11 y 15 de enero de 2016.[3]

Ahora bien, el 12 de enero de 2016 los fiscales cursaron al Panel una misiva. Informaron que, según se les había autorizado, el 7 de enero de 2016 procedieron a citar al licenciado Colón Bonet para la vista de presentación de cargos que se iba a efectuar el 14 de enero de ese año. Sin embargo, su representante legal pidió que la vista se llevara a cabo en una fecha posterior puesto que ese día el recurrido tenía un compromiso médico. En consideración a ello, los peticionarios comunicaron que la vista de determinación de causa probable para arresto se iba a celebrar el 21 de enero de 2016. No obstante, la vista se celebró el 2 de febrero de 2016 y el Tribunal encontró causa para arresto.[4]

Así las cosas, el 31 de marzo de 2016 el licenciado Colón Bonet presentó una *Moción en solicitud de desestimación por falta de jurisdicción*. Aseveró que los peticionarios tenían que instar las denuncias en un periodo de treinta días, desde que concluyó la investigación, y que el término venció el 4 de enero de 2016. Aludió que se le citó para la celebración de la vista de causa probable para arresto después que el término

---

[3] Surge del expediente que el 14 de diciembre de 2015 la Presidenta del PFEI, la Lcda. Nydia M. Cotto Vives, efectuó una Carta dirigida a todos los empleados donde estableció que "[e]l tradicional receso de labores **comenzará** el jueves, 24 de diciembre de 2015 y se extenderá hasta el 6 de enero de 2016. En consecuencia, las labores se *reiniciarán* el jueves, 7 de enero de 2016". (Énfasis en el original). Receso, Apéndice de la Petición de *Certiorari*, pág. 358.

[4] Denuncia, Apéndice de la Petición de *Certiorari*, págs. 67-68.
Surge del expediente que la vista preliminar se pautó, sin embargo, nunca se celebró.

transcurrió. Planteó que la facultad del PFEI para extender este plazo se activa mediante solicitud oportuna y por razones justificadas. Sostuvo que, ante la ausencia de una petición oportuna y justa causa, los fiscales carecían de jurisdicción para incoar los cargos. Señaló que como éstos no presentaron las denuncias a tiempo, se debía entender que decidieron no instarlas.

Entre tanto, el 11 de mayo de 2016 el Panel dictó una Resolución donde consignó que

> el 4 de diciembre de 2015, los fiscales Fuster Troche y Mendoza Rosario presentaron su Informe sobre Culminación de Investigación y Radicación de Cargos al Panel. **Los miembros del Panel atendimos dicho informe en la reunión efectuada el 21 de diciembre de 2015 y consentimos con la fecha de radicación sugerida por los fiscales Fuster Troche y Mendoza Rosario**, en vista que el término de 30 días que dispone la Ley 2-1988, luego de presentar el informe de culminación de investigación, es uno directivo y la presentación de las denuncias en una fecha posterior, no afectaría los derechos del imputado, como tampoco incidiría en los parámetros de diligencia y prontitud establecidos en la mencionada Ley 2. Al presentar su anuencia, los miembros del Panel consideramos además, el juicio en que se encontraba inmerso el fiscal Mendoza, -en otra encomienda del Panel- el cual se extendió hasta finales del mes de diciembre de 2015. (Énfasis suplido).[5]

Luego de sopesar los argumentos de las partes, el Tribunal de Primera Instancia emitió una *Resolución y orden de desestimación*. Determinó que, conforme a lo resuelto en <u>Pueblo v. Rodríguez Santana</u>, *infra*, y <u>Pueblo v. Rexach Benítez</u>, *infra*, el término que tenían los fiscales para presentar los cargos

---

[5] <u>Resolución</u>, Apéndice de la Petición de *Certiorari*, págs. 355-356.

era de cumplimiento estricto. Sostuvo que los plazos directivos o de cumplimiento estricto podían ser extendidos únicamente cuando se peticiona y se acredita justa causa. Razonó que el informe sometido por los peticionarios no era una solicitud de prórroga y que allí no se plasmó una causa justificada. Respecto a esto último, fundamentó que, según los precedentes de este Tribunal, la mera alusión a las festividades navideñas, sin mayores detalles, no satisfacía las exigencias de la norma de justa causa. Expresó, además, que la Sala de Investigaciones de San Juan operó durante todo el periodo que los fiscales tenían para instar las denuncias. Asimismo, dispuso que el PFEI no autorizó la prórroga pues nunca comunicó que extendería el término y que su silencio no se podía interpretar como su anuencia para ampliar el plazo. Por todo esto, resolvió que, como la inobservancia de este requisito incidía en la jurisdicción del Panel para efectuar la investigación y procesamiento criminal, cuando los peticionarios presentaron las denuncias carecían de la jurisdicción que el PFEI les delegó.

No contestes con este curso decisorio, luego de peticionar reconsideración sin éxito, el 20 de octubre de 2016 los fiscales instaron un *certiorari* ante el Tribunal de Apelaciones.[6] Argumentaron que el término en disputa era de carácter directivo, *sui generis,* que aplicaba a la relación habida entre

---

[6] Los fiscales instaron su *Solicitud de Reconsideración* el 21 de junio de 2016. Solicitud de Reconsideración, Apéndice de la Petición de *Certiorari*, págs. 320-354. El 21 de septiembre de 2016, notificada el 23 de septiembre de 2016, el Tribunal de Primera Instancia denegó el petitorio.

el PFEI y los fiscales especiales. Aludieron que el foro primario trató de la misma manera los plazos directivos y los de estricto cumplimiento y por esa razón aplicó incorrectamente los criterios rigurosos de estos últimos. Aseveraron que el *Informe* recogía la razón por la cual las denuncias se instaron en la fecha seleccionada. Plantearon que el Panel consideró razonable la fecha de presentación de cargos en una reunión que se llevó a cabo para discutir el *Informe*. Fundamentaron que el PFEI, al aprobar el *Informe*, extendió el periodo que los peticionarios tenían para someter las denuncias. Manifestaron que, durante la investigación, el Panel emitía resoluciones cuando ampliaba sus términos para comunicar a la persona investigada que el proceso no había culminado. Sostuvieron que, finalizada la etapa investigativa, la fecha de presentación de cargos se coordinaba entre los fiscales especiales y el PFEI, y luego con el representante legal del imputado.

El 24 de enero de 2017 el foro intermedio dictó sentencia. Razonó que el plazo en controversia era de carácter directivo o de cumplimiento estricto. Estimó que, para expandir este periodo, los fiscales debieron presentar una moción de prórroga y allí acreditar que existía justa causa. Resolvió que, en ausencia de solicitud y dado que el término expiró el 4 de enero de 2016, los peticionarios no tenían autoridad para presentar los cargos. Concluyó que, aun si se considerara el *Informe* de los fiscales como un petitorio de prórroga, el Panel no replicó el pedido, por ende, no les autorizó a instar las denuncias fuera de plazo.

Disconformes, el 28 de febrero de 2017 los peticionarios presentaron ante esta Curia un recurso de *certiorari* con los planteamientos siguientes:

> Erró el honorable Tribunal de Apelaciones al confirmar la resolución del Tribunal de Primera Instancia en San Juan ordenando la desestimación del caso que nos ocupa por falta de jurisdicción de los fiscales especiales independientes.

> Erró el honorable Tribunal de Apelaciones al confirmar la determinación del Tribunal de Primera Instancia y no considerar la resolución emitida por el Panel del Fiscal Especial Independiente del día de 11 de mayo [de] 2016 como una acreditación de la solicitud y concesión de término solicitada dentro de su facultad inherente.

El 28 de abril de 2017 expedimos el auto de *certiorari*. Ambas partes presentaron sus respectivos alegatos. Con el beneficio de sus comparecencias, pasamos a exponer el Derecho pertinente para aquilatar la controversia.

## II

### A. Investigación y proceso ordinario de causas criminales

Como norma general, el Secretario de Justicia y los fiscales adscritos al Departamento de Justicia son los individuos que poseen la facultad y responsabilidad de investigar, acusar y procesar toda conducta constitutiva de delito.[7] Antes de que inicie una acción penal se realiza una investigación que, usualmente, "está en manos del poder ejecutivo, i.e., fiscales, policías y otros funcionarios

---

[7] Pueblo v. García Vega, 186 DPR 592, 603 (2012).

auxiliares a éstos".[8] La razón de ser de la etapa investigativa es esclarecer el hecho delictivo, recoger evidencia pertinente, examinar testigos, identificar al sujeto sospechoso para así proceder con la presentación de los cargos.[9] La misma se debe efectuar "en la fecha más próxima posible a los hechos. No obstante, nunca debe extenderse o realizarse fuera del periodo prescriptivo que el Código Penal provee para que se inicie la acción penal por el delito investigado".[10] Una vez se concluye con este paso, la determinación de causa probable para arrestar da curso al proceso criminal ordinario.[11]

## B. **Investigación y procesamiento de causas penales al amparo de la Ley del Fiscal Especial Independiente**

Hace varias décadas, la Asamblea Legislativa promulgó la Ley Núm. 2 de 23 de febrero de 1988, según enmendada, conocida como Ley del Fiscal Especial Independiente, 3 LPRA sec. 99h *et seq*. De esta forma, instauró un mecanismo particular para investigar a ciertos funcionarios públicos que incurran en determinadas actividades delictivas.[12]

La aprobación de la Ley del Fiscal Especial Independiente se cimentó en diversos motivos. En apretada síntesis, pretende incentivar a los servidores públicos para que descargaran sus funciones con honestidad y excelencia. Asimismo, al reconocer

---

[8] D. Nevares Muñiz, Sumario de derecho procesal penal puertorriqueño, San Juan, Instituto para el desarrollo del Derecho, Inc., 2011, pág. 25.
[9] Íd.
[10] Íd.
[11] Pueblo v. Pérez Rivera, 186 DPR 845, 862 (2012); Pueblo v. Rivera Santiago, 176 DPR 559, 569-570 (2009).
[12] Pueblo v. Navarro Alicea, 138 DPR 511, 517 (1995).

que el proceso general de encausamiento no era ideal para manejar estas conductas, persigue crear un foro neutral e independiente que *investigara* de forma objetiva y rápida ciertas actuaciones que fueran imputadas a determinados funcionarios públicos. La pieza legislativa, también, aspira a prevenir, erradicar y penalizar determinadas conductas delictivas para así restaurar la confianza del Pueblo en el Gobierno.

De ordinario, el proceso que preceptúa la Ley del Fiscal Especial Independiente toma curso cuando el Departamento de Justicia obtiene información en una declaración jurada.[13] A partir de ese momento, el Secretario cuenta con un término de quince días laborables para evaluar y determinar si procede realizar una investigación preliminar.[14] Además, tiene un plazo de quince días, desde que recibe la querella, informe o información, para notificar al PFEI sobre la solicitud de investigación.[15] Este último requisito se hace con el fin de que el Panel conozca cuándo comienzan a transcurrir los periodos dispuestos por ley.[16]

Específicamente, en lo que nos concierne, el **Art. 4** de la Ley del Fiscal Especial Independiente, instituye que el

---

[13] En la sec. 99o(1) se disponen los factores que se deben considerar para ello. Véase, además: In re Invest. Ex Alcalde Vega Alta, 158 DPR 666 (2003), donde resolvimos que la falta de una declaración jurada que dé inicio a la investigación preliminar se puede subsanar.
[14] 3 LPRA sec. 99o(4).
[15] Íd., sec. 99k(3).
[16] Íd., sec. 99k(3).

Secretario tiene la obligación de notificar al PFEI los casos

donde se vean implicados los funcionarios siguientes:

> (a) El Gobernador;
> (b) los secretarios y subsecretarios de los departamentos de Gobierno;
> (c) los jefes y subjefes de agencias;
> (d) los directores ejecutivos y subdirectores de las corporaciones públicas;
> (e) los alcaldes;
> (f) los miembros de la Asamblea Legislativa de Puerto Rico;
> (g) los asesores y ayudantes del Gobernador;
> (h) Jueces;
> **(i) los fiscales;**
> (j) los registradores de la propiedad;
> (k) los procuradores de relaciones de familia, y menores;
> (l) toda persona que haya ocupado cualesquiera de los cargos antes enumerados, a quien se le impute la comisión de cualquier delito grave y menos grave incluido en la misma transacción o evento, o cualquier delito contra los derechos civiles, la función pública o el erario mientras ocupaba uno de los cargos mencionados, sujeto a que la designación del Fiscal Especial se haga dentro de los cuatro (4) años siguientes a la fecha en que dicho individuo cesó en su cargo. La fijación de este plazo en nada altera el término prescriptivo de la acción criminal que corresponda contra el funcionario o individuo. (Énfasis suplido).[17]

La *investigación preliminar* de estos servidores públicos

surge cuando hay causa suficiente para investigar la comisión

de cualquier delito contra los derechos civiles, la función

pública o el erario.[18] Luego de que el Secretario decida, de

forma oportuna, que hay causa suficiente para investigar, éste

"completará dicha investigación preliminar dentro de un término

[que] no exceda noventa (90) días contados desde la fecha en

que [el] Secretario determine que procede la investigación

---

[17] Íd., sec. 99k(1).
[18] Íd., sec. 99k. Ello, siempre sujeto a lo dispuesto en la sec. 99o.

preliminar".[19] Ahora bien, "aquellos casos en los que el Departamento de Justicia considere que, por su naturaleza o complejidad, no ha sido posible completar adecuadamente la investigación preliminar en dicho término podrá solicitar, y el Panel a su discreción podrá concederle, un término adicional que no excederá de noventa (90) días".[20] La inobservancia de esta disposición, tiene dos efectos, a saber: *primero*, el Secretario queda privado de jurisdicción sobre la investigación; y, *segundo*, tiene que remitir al PFEI el expediente investigativo en un término de diez días.[21]

Completada, a tiempo, la investigación preliminar de los funcionarios públicos mencionados, el Secretario deberá rendir y someter al Panel un informe donde detallará si procede la designación de un fiscal especial.[22] La obligación de someter el informe, junto con el expediente, emana incluso si recomienda que no se asigne un fiscal, esto ya que el PFEI tiene discreción para nombrar un fiscal especial para que investigue el caso.[23] Asimismo, el Secretario tiene el deber de notificar su decisión tanto al querellante como a la persona investigada.[24]

En las instancias en que el Secretario estima que es necesario *presentar cargos* contra alguno de los funcionarios públicos que el Art. 4 enuncia, éste no podrá hacerlo pues la Ley del Fiscal Especial Independiente concedió tal facultad al

---

[19] Íd., sec. 99o(4).
[20] Íd., sec. 99o(4).
[21] Íd., sec. 99p.
[22] Íd., sec. 99k; Pueblo v. Rodríguez Santana, 146 DPR 860,872 (1998).
[23] Pueblo v. Rodríguez Santana, *supra*, pág. 872.
[24] 3 LPRA sec. 99k(5).

fiscal especial que el Panel designe.[25] Este tema se discutió

en el debate que se efectuó en la Asamblea Legislativa sobre

esta medida. Se manifestó que, en esas circunstancias, el

Secretario

> pierde la jurisdicción, para llevar a los tribunales
> a los funcionarios enumerados en el Artículo 4. Que
> son el Gobernador, los Jefes de Agencias, los
> Legisladores, Asesores del Gobernador y otros
> funcionarios adicionales.
> En este caso específico, **la jurisdicción exclusiva
> de nombrar un Fiscal y encausar los funcionarios, es
> del panel.** La recomendación del Secretario la toman
> o no la toman en cuenta el panel, a base de los
> méritos que tenga la misma.
> .    .    .    .    .    .    .    .
> El Fiscal Especial Independiente, asume todos los
> poderes del Secretario de Justicia, del Procurador
> General en estos casos. (Énfasis suplido).[26]

Esto quiere decir que, en efecto, el PFEI ostenta la

*jurisdicción exclusiva* para encausar a los servidores públicos

del Art. 4. En cambio, respecto a los funcionarios del Art. 5,

el Secretario no pierde, como norma general, su jurisdicción.[27]

En conclusión, podemos colegir que la jurisdicción del

Secretario para presentar los cargos *depende* del empleado

público que, presuntamente, haya incurrido en actividad

delictiva. Cuando sean los funcionarios públicos que la ley

---

[25] Íd., 99k; Véase, además: <u>Pueblo v. Rodríguez Santana</u>, *supra*, pág. 872.
[26] Diario de Sesiones del Senado, 17 de junio de 1987, pág. 281.
[27] En la discusión llevada a cabo previo la aprobación de la ley, se expresó que

> el Secretario de Justicia **no pierde su jurisdicción. Es aquellos
> funcionarios, los que sean, donde el Secretario de Justicia hace
> la investigación preliminar cuando viene la querella. Y el
> Secretario de Justicia determina, que no hay conflicto de
> intereses, lo notifica al panel y entonces, el Secretario de
> Justicia asume la jurisdicción en relación a estos funcionarios.
> Estos funcionarios están claramente mencionados en el Artículo
> 5.**
>     Y vuelvo a repetir, **lo del Artículo 4, el Secretario de
> Justicia no tiene ningún derecho a asumir la jurisdicción. Esto
> es una garantía.** Íd.

específicamente enumera en su Art. 4, **el Panel es quien cuenta con la jurisdicción exclusiva para encausarlos**. En cambio, si se trata de otros servidores —los del Art. 5— el Secretario podría tener jurisdicción para instar las denuncias correspondientes.[28]

Así, cuando el Secretario sugiera que se nombre un fiscal especial, sea contra los funcionarios públicos del Art. 4 o del Art. 5, el asunto pasa a manos del PFEI quien tiene el deber de supervisar a los fiscales para que "la labor investigativa se realice con diligencia, premura y agilidad requerida para que se cumpla a cabalidad el propósito de las secs. 99h a 99z de este título y con cualquier requisito o término que le sea aplicable al Fiscal Especial".[29] Entre otras instancias, este organismo puede asignar un fiscal especial cuando

> el Secretario de Justicia solicite el nombramiento y, de impugnarse la recomendación del Secretario, el Panel concluya, basado en el informe sometido por el Secretario y en cualquier otra información sometida u obtenida por el Panel, que se amerita una investigación a fondo porque puede proceder la radicación de acusaciones o cargos.[30]

Si ello acontece, el Panel tiene que delimitar la encomienda y jurisdicción del fiscal especial y hacer pública su identidad.[31]

El fiscal especial es quien tiene la tarea de acudir a los Tribunales de Justicia, en representación del Gobierno de Puerto Rico, a incoar las acciones criminales de los casos que

---

[28] 3 LPRA sec. 99l.
[29] Íd., sec. 99r(5).
[30] Íd., sec. 99r (1)(a).
[31] Íd., sec. 99r(2).

se le encomienden.[32] Una vez se nombra, el fiscal especial tiene la obligación de "completar la investigación que se le encomiende dentro de un término que no exceda de noventa (90) días, contados a partir de la fecha en que recibe la encomienda".[33] Ahora bien, "[c]uando el Fiscal Especial considere que, por su naturaleza y complejidad, no será posible completar adecuadamente la investigación en dicho término podrá solicitar al Panel y éste a su discreción podrá concederle un término adicional que no excederá de noventa (90) días".[34]

Cuando finalice la investigación oportunamente, "[e]l Fiscal Especial deberá radicar las acusaciones e instar los procesos que corresponden dentro de un término que no excederá de treinta (30) días después de completada la investigación".[35] Sin embargo, y de suma pertinencia para este caso, la ley dispone que "**[e]l Panel podrá extender este término cuando sea justificado**".[36] Con la presentación de cargos, si un juzgador encuentra causa para arrestar, entonces el asunto seguirá el curso ordinario.

---

[32] Íd., sec. 99j.
[33] Íd., sec. 99s (4).
[34] Íd., sec. 99s (4).
[35] Íd., sec. 99s. Es menester aclarar que este inciso no aparece en la publicación de Leyes de Puerto Rico Anotadas. Esto como consecuencia de un error en la publicación dado a las enmiendas que introdujo la Ley Núm. 4 de 2012. Dicha disposición estatutaria, añadió el actual inciso número cinco y *renumeró* los siguientes incisos incluyendo el pasado inciso número cinco que originalmente era el inciso en disputa. Por tal razón, el Art. 12 de la Ley del Fiscal Especial Independiente debería incluir este requisito en su *sexto inciso*. Cabe puntualizar que este asunto ya se dilucidó en el foro primario y que ninguna de las partes lo pone en controversia.
[36] Íd.

Expuesto el procedimiento que la Ley del Fiscal Especial Independiente provee, estamos en posición de aquilatar la controversia.

**III**

El presente asunto nos invita a auscultar cómo el PFEI puede extender el término de treinta días, desde que se completa la investigación de fondo, para que los fiscales especiales insten las denuncias. Según notamos, la Ley del Fiscal Especial Independiente fija que el Panel puede extender este plazo *cuando sea justificado*. Como el poder del PFEI para extender este periodo es un hecho incontrovertido, la interrogante gira sobre las condiciones que se deben satisfacer para que pueda prorrogar dicho término válidamente.

En resumen, los fiscales sostienen que la ley no decreta cómo que se debe peticionar la extensión del plazo. A la vez, indican que lo realizaron mediante escrito y expusieron por qué los cargos se incoaron luego del periodo original. Argumentan que es el Panel, y no los foros judiciales, quien debe aquilatar cuándo se justifica la aplicación del término y que la casuística de justa causa elaborada en el contexto del proceso civil no aplica. En lo pertinente a cómo el PFEI debe conceder la prórroga, plantean que la legislación no exige que se dicte una resolución a tales efectos, sino que basta que el Panel la autorice, ya sea en una audiencia o reunión, pues se trata de un proceso interno y estos están en constante comunicación. En la alternativa, aseveran que el PFEI emitió una resolución donde

plasmó que confirió la prórroga verbalmente cuando aceptó el *Informe* que sometieron. Arguyen que las denuncias fueron presentadas en la fecha que el PFEI dentro de su discreción avaló y que la defensa accedió.

En cambio, el licenciado Colón Bonet argumenta que, concluida la investigación, el Panel solo tiene control sobre el tiempo que los fiscales especiales desempeñan su encomienda para presentar las denuncias. Sostiene que, una vez culmina el plazo y en ausencia de una solicitud de prórroga sustentada en causa justificada, el PFEI se encuentra imposibilitado de expandir la encomienda de los fiscales especiales, ni puede validar los actos ejecutados a destiempo. Asevera que en Pueblo v. Rodríguez Santana, 146 DPR 860 (1998), dictaminamos que el periodo con el que cuenta el Secretario para realizar la investigación preliminar es de cumplimiento estricto. Aduce que estos términos solo pueden extenderse si se solicita y evidencia justa causa. Indica que la causa justificada no se puede argüir genéricamente, sino que es menester que se haga por escrito y con una exposición concreta y particular. Apunta que ello es cónsono con el propósito de la legislación de proveer una respuesta rápida cuando existen señalamientos de conducta ilegal contra empleados públicos. Argumenta que el *Informe* que los peticionarios sometieron no es una petición de prórroga y que, además, el Panel no emitió una resolución para alargar el plazo. Plantea que las resoluciones emitidas por el PFEI siempre eran por escrito, contenían los motivos de los fiscales para

peticionar la extensión, los validaban y disponían la fecha en que expiraba el nuevo periodo.

Sin duda, los cuestionamientos de las partes no versan sobre la autoridad que el artículo objeto de disputa otorga al Panel para alargar el término que tienen los fiscales especiales para incoar denuncias. Sus argumentos, mas bien, desatan que indaguemos a qué se refirió el legislador cuando dispuso que ello lo puede efectuar *cuando sea justificado*.

Todas las leyes, aunque sean claras, requieren interpretación.[37] La hermenéutica legal nos lleva a analizar el estatuto para conocer la intención que tuvo la Asamblea Legislativa cuando lo promulgó.[38] El ejercicio interpretativo "debe estar fundamentad[o] en las reglas que gobiernan el pensamiento, ya que la ley no es letra muerta sino que tiene un contenido espiritual. Por ende, la interpretación no puede ser únicamente literal, ni únicamente lógica, sino ambas a la vez".[39] Por ello, tenemos que considerar los propósitos perseguidos por la Rama Legislativa cuando aprobó el estatuto, de suerte que nuestra interpretación garantice que se cumpla la intención del legislador.[40]

En lo concerniente a cómo analizar la Ley del Fiscal Especial Independiente, conviene examinar lo que pautamos en In re Invest. Ex Alcalde Vega Alta, 158 DPR 666 (2003). En esa

---

[37] Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 668 (2014).
[38] Com. PNP v. CEE et al., 197 DPR 914, 925 (2017).
[39] R. E. Bernier, J. A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2nda ed., San Juan, Publicaciones JTS, 1987, pág. 264. Véase, además, Mun. de San Sebastián v. QMC Telecom, *supra*, pág. 668.
[40] J. P. v. Frente Unido I, 165 DPR 445, 472 (2005).

ocasión, el PFEI estimó que estaba impedido de atender un caso presentado por la entonces Secretaria de Justicia porque la investigación preliminar no surgió de una querella juramentada, ni de información provista bajo juramento, según requería la ley. Al solucionar esa polémica establecimos que

> **avalar la interpretación del Panel tendría el efecto práctico de concederle privilegios procesales a funcionarios públicos cubiertos por la Ley sobre el Fiscal Especial Independiente que no tendría un ciudadano común sujeto a un procedimiento ordinario de investigación y procesamiento criminal.** Como sabemos, un individuo común está sujeto a ser procesado con información bajo juramento que se obtenga en cualquier etapa o momento de la investigación, mientras que según el Panel y el Tribunal de Circuito, un funcionario público no podría ser procesado si la información inicial que se provee a la Secretaria de Justicia no fue juramentada. **Este Tribunal ha señalado que al interpretar la Ley sobre el Fiscal Especial Independiente, los tribunales no pueden crear una norma distinta y más favorable para beneficiar a los funcionarios públicos investigados, en comparación con la investigación y procesamiento ordinario.** (Énfasis suplido).[41]

Asimismo, al citar lo expuesto en Silva Iglecia v. F.E.I., 137 DPR 821, 835 (1995), manifestamos que ante la presencia de una norma que aplica a todos los ciudadanos

> ¿Cómo van los tribunales a crear una norma distinta y más favorable para beneficiar a los funcionarios públicos investigados bajo la Ley del FEI, en ausencia de una intención legislativa a ese respecto? Ello contravendría la intención del legislador de promover y preservar la integridad de los funcionarios e instituciones públicas del Gobierno de Puerto Rico a través de los mecanismos dispuestos en la Ley del FEI. De avalar la norma creada por el tribunal de instancia en este caso, este Tribunal estaría erosionando el propósito de nuestra Asamblea Legislativa de diseñar un "componente esencial de un esquema integral e innovador… con el propósito de

---

[41] In re Invest. Ex Alcalde Vega Alta, *supra*, págs. 675-676.

restaurar la confianza del pueblo en su gobierno y en sus servidores públicos".[42]

Es por ello que, al considerar esta pieza legislativa, tenemos que ser cautelosos que ello no tenga la consecuencia de instituir una norma que favorezca o beneficie al empleado público y así concederle un derecho que no tendría cualquier otro individuo en el proceso ordinario.

Con esto en mente, nos toca precisar qué se requiere para que el PFEI pueda prolongar el término de treinta días para presentar denuncias. El licenciado Colón Bonet indica que debemos adoptar lo decretado en Pueblo v. Rodríguez Santana, *supra*, y así establecer que el requisito aquí en disputa es de cumplimiento estricto. Por ello, argumenta que era necesario que los fiscales solicitaran prórroga por escrito, evidenciaran que tenían causa justificada y que el PFEI lo autorizara. No nos convence. Veamos por qué.

En Pueblo v. Rodríguez Santana, *supra*, nos pronunciamos en torno a la exigencia que tiene el Secretario de ejecutar la investigación preliminar en el término provisto y el resultado de su incumplimiento. Decidimos que ese requisito era de cumplimiento estricto, por tanto, el Secretario no podía prolongar la investigación más allá del plazo dispuesto en ley.[43] En lo relativo al efecto de su inobservancia, tras

---

[42] Íd., pág. 676.

[43] Pueblo v. Rodríguez Santana, *supra*, págs. 875-876. Previamente, en Pueblo v. Rexach Benítez, 130 DPR 273, 297 (1992), nos expresamos sobre la necesidad de que la querella estuviera jurada. Expusimos que "[c]uando dicho requisito se exige en la ley o reglamento *su cumplimiento debe ser estricto* porque el mismo resulta en una salvaguarda procesal valiosa para el querellado cuya reputación se pone en tela de juicio ante la comunidad". Resolvimos que su inobservancia "no priva al Secretario de Justicia de su deber legal de iniciar una investigación preliminar *pero impide al panel pasar juicio sobre*

reconocer que al estatuto no se le podían agregar elementos que el legislador no tuvo en cuenta al promulgarlo, concluimos que el Panel no perdía su jurisdicción, ni estaba impedido de presentar los cargos. Delineamos que cuando no se cumple con dicha sección, la consecuencia es que el Secretario pierde su facultad para investigar el caso y deberá remitirlo al PFEI para que éste examine si procede realizar la investigación preliminar.[44]

Son varias las razones que nos mueven a rechazar aplicar lo resuelto en Pueblo v. Rodríguez Santana, *supra*, a la controversia actual. De entrada, conviene apuntar que el artículo que allí interpretamos es claramente *distinguible* del que hoy es objeto de consideración. En el caso del Secretario, **la ley establece expresamente su obligación de solicitar al PFEI la extensión del plazo**. En cambio, la sección en disputa **no** condiciona el aplazamiento del periodo al hecho de que un fiscal especial lo pida, sino que *meramente* preceptúa que el PFEI puede hacerlo *cuando sea justificado*. Es decir, no se exige que el fiscal especial peticione la extensión del plazo, la legislación se limita a facultar al Panel para alargarlo *cuando sea justificado*. Dado que la ley no lo hace, no podemos imponer al fiscal especial la obligación de solicitar la prolongación del periodo, ni probar que tiene justa causa. De lo contrario, añadiríamos condiciones que el legislador no vislumbró pues,

---

*la querella*. Es un defecto subsanable que puede ser corregido por la parte querellante siempre que, si se imputa delito, no haya prescrito el correspondiente delito imputado". Íd., págs. 297-298.
[44] Pueblo v. Rodríguez Santana, *supra*, pág. 876.

de haberlo querido, **lo hubiese dispuesto expresamente como en el caso de la investigación preliminar**.

Disipado ya que un fiscal especial no tiene que peticionar prórroga, ni tampoco está obligado a evidenciar justa causa, veamos si a la luz de los propósitos de la ley, la actuación del PFEI está justificada en este caso. La conclusión a la que lleguemos debe ajustarse a los propósitos de la ley y propiciar la solución del mal que la Rama Legislativa aspiró erradicar. Como aludimos, este proceso especial surgió como parte de un esfuerzo para: (1) incentivar a los servidores públicos a que descarguen sus quehaceres con honestidad y excelencia; y (2) prevenir, erradicar y penalizar determinadas conductas delictivas para restaurar la confianza del Pueblo en el Gobierno.

Avalar la pretensión del licenciado Colón Bonet, y las decisiones de los foros inferiores, a los efectos de que el PFEI pierde jurisdicción para instar las denuncias de no hacerse en el periodo preceptuado, y a falta de moción de prórroga fundamentada en justa causa, contraviene los motivos que cimentaron la aprobación de la ley. Basta recordar que, respecto a los funcionarios públicos que el Art. 4 enumera, **el Panel es el único ente con autoridad para encausarlos**. Adoptar el proceder sugerido tendría como consecuencia que, cuando las denuncias se presenten a destiempo, el fiscal especial no posea jurisdicción para incoar cargos contra dichos servidores. Esto, a su vez, implicaría que los mismos no serán encausados por esos hechos durante el tiempo que ocupen sus cargos y cuatro

años de culminadas sus labores.[45] Tal norma vulneraría los cimentos y la clara política pública del Gobierno de que las faenas en el sector público sean descargadas por las personas más honestas, dedicadas a hacer un mejor país. Igualmente, este efecto en nada aportaría a la erradicación del crimen en el servicio público, todo lo contrario.

El curso decisorio propuesto, además, resultaría en la confección de una doctrina que redundaría en beneficio para el funcionario público que incurre en conducta delictiva, privilegio que una persona ordinaria no ostentaría. Según puntualizamos, siempre y cuando el delito no haya prescrito y sujeto a lo dispuesto en Pueblo v. Esquilín Maldonado, 152 DPR 257 (2000), un sujeto investigado por la comisión de un delito puede ser encausado en cualquier momento.[46] Es por ello que, ante la ausencia de expresión en contrario por parte de la Asamblea Legislativa, no podemos resolver que el artículo en controversia confiere al individuo objeto de investigación un derecho procesal a que las denuncias sean presentadas en un término de treinta días desde que culmina la investigación de fondo.

---

[45] Uno de los delitos por el cual se le encontró causa para arresto al licenciado Colón Bonet fue por el Art. 252 del Código Penal de *Aprovechamiento ilícito de trabajos o servicios públicos*, 33 LPRA sec. 5343. El mismo, de ser probado más allá de duda razonable, conllevaría una pena de reclusión por un término fijo de tres años. Íd. El artículo también provee para la imposición de una pena con circunstancias agravantes cuando el autor del delito es un funcionario público. Íd. Por otro lado, el Art. 88 del Código Penal preceptúa que "[e]n los siguientes delitos la acción penal no prescribe: [...] **todo delito grave tipificado en este Código o en ley especial cometido por un funcionario o empleado público en el desempeño de la función pública**". 33 LPRA sec. 5133.

[46] En Pueblo v. Esquilín Maldonado, 152 DPR 257, 263 (2000), reconocimos que la "dilación injustificada puede constituir una violación al debido proceso de ley".

Como bien apuntamos, el artículo estudiado permite al PFEI prolongar el plazo dispuesto para que un fiscal especial inste los cargos. Distinto a otras secciones del estatuto, al así hacerlo, el legislador concedió al Panel discreción para extender el periodo cuando fuera justificado. La ley ató el ejercicio de ese poder a la exigencia de que fuera justificado. Obsérvese que, en otros artículos, se fijó *expresamente* los **motivos** por los cuales el PFEI podía, dentro de su discreción, acceder a extender los términos. En cambio, ello no fue así en la disposición que está en controversia. Asimismo, en otras secciones, se limitó a un tope el número de días totales que el PFEI podía conceder la prórroga, mas ello no se hizo en el artículo en disputa. En consideración de ello, la conclusión más acertada es que el plazo con el que cuenta un fiscal especial para presentar los cargos es, más bien, un deber que tiene que observar para con el Panel. Esto tiene pleno sentido pues la Ley del Fiscal Especial Independiente delegó en el PFEI la responsabilidad de *supervisar* a los fiscales especiales para que estos desempeñen sus quehaceres con diligencia, premura y agilidad.[47]

En el caso de marras, tras efectuar la investigación preliminar, el Secretario recomendó al Panel que se designara un fiscal especial. El PFEI nombró a los fiscales y les encomendó investigar a fondo los sucesos ilegales imputados al licenciado Colón Bonet. Tal investigación se realizó como el estatuto ordena y el 4 de diciembre de 2015 los peticionarios

---

[47] 3 LPRA sec. 99r(5).

remitieron al Panel su *Informe* donde expresaron la necesidad de incoar dos denuncias contra el recurrido. Dispusieron, además, que los cargos se presentarían del 11 al 15 de enero de 2016, dado al receso navideño. Sin embargo, ello no sucedió según se dispuso pues el licenciado Colón Bonet pidió la posposición de la vista para otra fecha pues tenía un compromiso médico. La presentación de cargos se efectuó el 2 de febrero de 2016 y el Tribunal encontró causa probable para arresto por ambas denuncias. Surge del expediente que el PFEI **accedió** a que los fiscales incoaran los cargos 29 días más tarde pues estimó que el receso navideño y otras encomiendas que tenían los fiscales justificaba tal dilación. Igualmente, no podemos olvidar que, inicialmente, las denuncias se iban a presentar del 11 al 15 de enero, pero el licenciado Colón Bonet solicitó que se efectuara en una fecha posterior. Todo esto justificó la extensión que decretó el PFEI.

## IV

A la luz de los fundamentos enunciados, se revoca la sentencia dictada por el Tribunal de Apelaciones que, a su vez, confirma al Tribunal de Primera Instancia y se devuelve a este último foro para la continuación del procesamiento criminal del licenciado Colón Bonet.

Se dictará sentencia de conformidad.

Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.

Melvin Colón Bonet              CC-2017-0157

    Recurrido

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de abril de 2018.

Por los fundamentos expuestos en la Opinión que antecede, los cuales se hacen formar de la presente sentencia, se revoca la sentencia dictada por el Tribunal de Apelaciones que, a su vez, confirma al Tribunal de Primera Instancia y se devuelve a este último foro para la continuación del procesamiento criminal del licenciado Colón Bonet.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurrió sin opinión escrita. El Juez Asociado señor Colón Pérez concurrió sin opinión escrita.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo