EL PUEBLO DE PUERTO RICO, recurrido, *v.* ÁNGEL LUIS SANTIAGO, acusado y peticionario.

*Número:* CE-94-496          *Resuelto:* 18 de enero de 1996

*Arturo Negrón García,* abogado de la parte peticionaria; *Pedro A. Delgado Hernández, Procurador General,* y *Ricardo E. Alegría Pons, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

En relación con unos alegados hechos delictivos —supuestamente cometidos por el peticionario Ángel Luis Santiago durante los meses de mayo y junio de 1989— el Ministerio Público sometió, *en 1994 y dentro del período prescriptivo correspondiente,* ante el foro judicial seis (6) proyectos de denuncia por tres (3) supuestas violaciones al Art. 166 del vigente Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4272, y tres (3) alegadas violaciones al Art. 272 del referido Código Penal, 33 L.P.R.A. sec. 4592.

El juez municipal ante el cual fueron sometidos los casos, luego de examinar las declaraciones juradas a base de las cuales el Estado exclusivamente le sometió los casos, determinó causa probable para arresto, en ausencia, contra el peticionario Santiago por éste supuestamente haber cometido tres (3) delitos de apropiación ilegal agravada y tres (3) delitos de posesión y traspaso de documentos falsificados. Se expidieron las correspondientes órdenes de arresto.

Estando los casos pendientes de la celebración de la vista preliminar, que establece la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, ante el entonces Tribunal de Distrito de Puerto Rico, Sala de San Juan, la representación legal del peticionario Santiago radicó ante dicho foro judicial *dos (2) escritos,* a saber: una Moción de desestimación por violación al derecho al debido procedimiento de ley (Apéndice, *Exhibit* II) y una Moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal (Apéndice, *Exhibit* III).

En la *primera* de dichas mociones, en síntesis y en lo

pertinente, alegó: *que* los cargos presentados en realidad se referían a *un préstamo* que la supuesta perjudicada, la Sra. Hilsia García Goitía, le hiciera al peticionario Santiago; *que* en relación con estos alegados hechos delictivos, la parte alegadamente perjudicada se querelló ante la Policía de Puerto Rico, *durante el 1991, no* habiéndose realizado gestión alguna por las autoridades pertinentes al respecto, a pesar de que éstos tenían conocimiento de la dirección exacta del peticionario Santiago y de que éste era conocido por las autoridades policíacas por razón de dedicarse al negocio de fianza en casos criminales; *que la "demora injustificada" del Estado en someter los casos le ha causado un "grave perjuicio" "ya que no tiene disponibles testigos que pudieran declarar a su favor, por razón de desconocer el paradero de personas que fueron empleados suyos a quienes les constaba la naturaleza del préstamo entre la alegada perjudicada y el imputado"* (Apéndice, *Exhibit* II, pág. 4); *que* el Estado, por órdenes expresas del Fiscal Michael Corona, procedió a someter el caso, *en su ausencia,* a pesar del hecho de que conocían la dirección exacta de él y de que su abogado se había comunicado con el agente del orden público a cargo del caso, antes de someterse el mismo, informándole de la disponibilidad del peticionario Santiago, *y que* el Estado sometió el caso, *a base de declaraciones juradas,* a pesar de que los testigos de cargo estaban igualmente disponibles para comparecer, y declarar, ante el foro judicial.

En la *segunda* de las mociones, el peticionario del epígrafe alegó que: la determinación de causa probable para el arresto fue contraria a derecho por razón de que el procedimiento utilizado en ausencia del imputado, y sin representación legal, violenta las disposiciones de las Reglas 6 y 7(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y las garantías expresamente reconocidas en dicha etapa a todo imputado de delito y, debido al hecho adicional, de que el Magistrado instructor de causa probable no tuvo ante sí la

prueba necesaria para poder válidamente concluir que se configuraron los elementos del delito. A esos efectos, sostuvo el peticionario ante dicho foro judicial, que, conforme el *historial legislativo* de las enmiendas que le hiciera el legislador a la Regla 6 de Procedimiento Criminal, ante, el Estado *no* tiene discreción absoluta para someter un caso, para determinación de causa probable para arresto, únicamente a base de las declaraciones juradas de testigos de los hechos imputados; esto es, que, conforme establece la citada Regla 6 de Procedimiento Criminal, ante, ello *únicamente* lo puede hacer el Estado —conforme se expresa en el Informe de la Comisión de lo Jurídico del Senado— "en situaciones en que la víctima o testigos del acto delictivo no pueden comparecer o no están disponibles para determinación inicial de causa probable y permite el inicio del proceso judicial en otras situaciones en que es necesario el arresto inmediato del imputado para que no se frustre la justicia". (Énfasis suprimido.) Apéndice, *Exhibit III*, pág. 81.

Dichas mociones fueron *denegadas* por el antes mencionado Tribunal de Distrito de Puerto Rico, Sección de Vistas Preliminares de San Juan. Acudió, entonces, el peticionario Santiago, vía *certiorari*, ante el entonces Tribunal Superior de Puerto Rico, Sala de San Juan. Dicho foro judicial, mediante Resolución de 13 de junio de 1994, declaró *sin lugar* el recurso radicado.

Inconforme, acudió Ángel Luis Santiago ante este Tribunal, vía *certiorari*, en revisión de la referida actuación judicial, imputándole al foro de instancia haber errado:

[1] ... al no resolver que procedía revocar la resolución del Tribunal de Distrito que había denegado la solicitud de desestimación de las denuncias *fundadas en la violación al debido proceso de ley y en la situación de indefensión en que el Estado ha colocado al peticionario por la demora injustificada en someter los casos en su contra.*

[2] ... al resolver que la Regla 64(P) de las de Procedimiento Criminal no es invocable en la etapa de vista preliminar para solicitar la desestimación de un caso sometido en ausencia y

mediante declaraciones juradas, estando disponibles tanto el imputado como los testigos para comparecer a dicha etapa.

[3] ... al no considerar que el Tribunal de Distrito había errado al denegar la solicitud de desestimación amparada en las disposiciones de la Regla 64(P) de Procedimiento Criminal fundada en la ilegalidad del procedimiento efectuado por el Estado de someter el caso en ausencia y mediante declaraciones juradas para obtener la determinación de causa probable para el arresto, violentándose las disposiciones de la Regla 6 de Procedimiento Criminal y menoscabando las garantías expresamente reconocidas en dicha etapa a todo imputado de delito.

[4] ... al no resolver el planteamiento de que la defensa tenía derecho a obtener copia de las declaraciones juradas empleadas por el Estado en la etapa de causa probable para el arresto. (Énfasis suplido.) Petición de *certiorari*, págs. 4–5.

Mediante Resolución de 15 de julio de 1994, una Sala Especial de Verano([1]) le concedió término al Estado para

... mostrar causa por la cual este Tribunal no debe expedir el auto solicitado y dictar Sentencia revocatoria de la resolución de fecha 13 de junio de 1994, emitida por el Tribunal Superior de Puerto Rico, Sala de San Juan, *por razón de haber dicho foro incurrido en los errores primero y cuarto señalados por la parte demandada-peticionaria.*" (Énfasis suplido.)

El Procurador General de Puerto Rico ha comparecido en representación del Estado. *En relación con el primer señalamiento de error*, una lectura de la argumentación expuesta por el Procurador en su comparecencia demuestra que este funcionario entiende que —*independientemente de la fecha en que se le informa al Estado de la supuesta comisión de unos hechos delictivos e independientemente del hecho de que los funcionarios correspondientes efectivamente estén en condiciones de radicar los cargos inmediatamente*— el Estado *no* está obligado a así hacerlo, *pudiendo* radicar dichos cargos criminales ante el foro judicial *cuando lo entienda conveniente*, siempre que lo haga

---

([1]) Integrada por el Juez Asociado Señor Rebollo López, como su Presidente, la Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Fuster Berlingeri.

antes de expirar el término prescriptivo del delito en controversia.

En segundo término, *y en relación con el cuarto señalamiento de error*, sostiene el Procurador General que en la alternativa de que el Estado someta el caso para determinación de causa probable para arresto, a base de declaraciones juradas escritas, el imputado de delito no tiene derecho alguno a que se le entreguen copias de las referidas declaraciones juradas.

Estando en posición de resolver el recurso radicado, procedemos a así hacerlo.

## I

Nos vemos imposibilitados de avalar la posición del Estado a los efectos de que —*independientemente* de la fecha en que obtiene conocimiento de la supuesta comisión de actos delictivos por una persona e *independientemente* de que esté en condiciones de someter inmediatamente los casos contra ésta— posee *discreción absoluta* para determinar cuándo somete dicho caso ante el foro judicial, *siempre que* lo haga dentro del término prescriptivo provisto para el delito en particular. Realmente sorprende que el Estado asuma dicha posición.

■ No hay duda que, *de ordinario*, el único término que "obliga" al Estado a actuar lo es el término prescriptivo que nuestro ordenamiento señala para los delitos y que, ciertamente, éste no está en la obligación de radicar el caso ante el foro judicial hasta tanto haya completado la investigación del mismo. *Ello no significa, sin embargo, que el Estado, estando en posición de someter los casos, innecesariamente se "cruce de brazos" durante años y no someta los casos, situando a la persona en un estado de indefensión, lo cual, naturalmente constituiría una violación al debido proceso de ley.* Para rechazar la teoría del Estado, basta con pensar en los delitos que no tienen término prescrip-

tivo; en relación con los cuales, si fuera correcta su teoría, el Estado podría esperar, prácticamente, toda una "eternidad" para someter los casos con el propósito, precisamente, de colocar al imputado en un total estado de indefensión.

■ En este aspecto, resulta aplicable —*por analogía*— lo resuelto por este Tribunal en *Pueblo v. Guardiola Dávila*, 130 D.P.R. 585 (1992). En dicho caso resolvimos que, interrumpido el término prescriptivo de un delito mediante la acción del Estado de someter el caso para determinación de causa probable para arresto, el Estado viene en la obligación de diligenciar la orden de arresto expedida "dentro de un término razonable"; ello so pena de incurrir en una violación del debido proceso de ley, la cual puede acarrear, inclusive, el archivo y sobreseimiento de la causa criminal ante una demostración, por parte del acusado, de que la tardanza lo situó en un estado de indefensión. A esos mismos efectos, véase, en adición: *Pueblo v. Padilla Arroyo*, 104 D.P.R. 103 (1975); *Pueblo v. Tribunal Superior*, 84 D.P.R. 24 (1961).

■ Resulta, pues, evidente que el Estado, una vez tiene *conocimiento* de la comisión de hechos delictivos y una vez ha *completado* su investigación —la cual señala a un ciudadano como responsable de los mismos— tiene la *obligación* de *acudir prontamente* ante el foro judicial a someter los casos contra éste; ello independientemente del hecho de que el delito esté, o no, próximo a prescribir. *Cuán corto o largo será ese período de tiempo dentro del cual el Estado viene en la obligación de someter el caso es una determinación que, naturalmente, hay que hacerla caso a caso.* Es importante recordar, *por otro lado*, que la determinación judicial sobre razonabilidad, o irrazonabilidad, de dicho período de tiempo se "activa", por decirlo así, ante un planteamiento de "perjuicio" por parte del imputado de delito, esto es, de estado de indefensión.

Como surge de la relación que de los hechos hiciéramos, en el presente caso el imputado de delito alegó, *y planteó*

no sólo que el Estado, estando en posición de someter los casos durante 1991, dejó transcurrir, de manera innecesaria e injustificada, un término de tres (3) años antes de someter los mismos, sino que ello le ha causado grave perjuicio, por razón de que dos (2) testigos que tienen conocimiento personal de los hechos han desaparecido. Ante tales señalamientos, somos del criterio que el tribunal de instancia venía —y viene— en la obligación de señalar, y celebrar, una *vista evidenciaria* con el propósito de dilucidar este asunto.(²) Erró, en consecuencia, el foro de instancia al así no actuar.

Lo expuesto hace innecesaria la consideración del cuarto señalamiento de error; ello en vista de la posibilidad —luego de que el peticionario presente su prueba sobre el perjuicio por él sufrido, o estado de indefensión, y el Estado haya presentado prueba sobre la justificación para su actuación— que el foro judicial resuelva que en efecto hubo una violación del debido proceso de ley, lo cual podría acarrear el archivo y sobreseimiento de la causa criminal radicada. *Pueblo v. Guardiola Dávila*, ante.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita. El Juez Asociado Señor Negrón García se inhibió.

---

(²) En dicha vista evidenciaria le corresponderá, *en primer término*, al peticionario presentar la prueba que a bien tenga sobre el alegado perjuicio o estado de indefensión en que la acción del Estado lo ha colocado. Entonces, le corresponderá al Estado presentar prueba en justificación de la alegada demora en que ha incurrido respecto a la radicación de los cargos.