EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br>Recurrido<br><br>v.<br><br>Carmen Esquilín Maldonado<br>Peticionaria | Certiorari<br><br>2000 TSPR 151 |
| --- | --- |

Número del Caso: CC-1999-0933

Fecha: 19/octubre/2000

Tribunal de Circuito de Apelaciones:

Circuito Regional VII

Juez Ponente:

Hon. Efraín E. Rivera Pérez

Oficina del Procurador General:

Hon. Gustavo A. Gelpí
Procurador General

Abogada de la Parte Recurrida:

Lcda. Carmen A. Rodríguez Maldonado

Materia: Art. 83 Código Penal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

Recurrido

v.                                          CC-1999-933

Carmen Esquilín Maldonado

Peticionaria

PER CURIAM

San Juan, Puerto Rico, a 19 de octubre de 2000

Por entender que la negligencia inexcusable del Estado menoscabó indebidamente el debido procedimiento de ley de la peticionaria al ponerla en un estado de indefensión, revocamos la resolución emitida por el Tribunal de Circuito de Apelaciones.

I

El 2 de julio de 1996, la Sra. Carmen Esquilín Maldonado (en adelante Esquilín o peticionaria) fue denunciada en ausencia por el delito de asesinato en

primer grado, Art. 83 del Código Penal, 33 L.P.R.A. § 4002, por hechos alegadamente ocurridos el 30 de diciembre de 1989. La razón por la cual el Estado tardó seis años y medio para denunciar a la peticionaria fue la colocación equívoca del expediente en los archivos de casos terminados. No fue hasta que una agente preguntó por el caso que el Estado se preocupó por conseguir el expediente.

Una vez radicada la denuncia y pautada para celebrarse la vista preliminar, la peticionaria presentó una moción de desestimación basándose en que le habían violado su derecho a un debido proceso de ley. En ésta se alegó que la dilación provocada por la negligencia del Estado le produjo a la peticionaria un estado de indefensión.

El 8 de octubre de 1996, el tribunal de instancia celebró una vista evidenciaria para determinar la procedencia de la desestimación solicitada. Denegó la petición el 12 de diciembre de 1996. Inconforme, la peticionaria acudió al Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) para revisar la resolución del tribunal de instancia y, a través de una solicitud de auxilio de jurisdicción, para que se paralice la celebración de una vista preliminar. El Tribunal de Circuito denegó el recurso solicitado en aquella etapa del procedimiento.[1]

Dos semanas antes del día señalado para el juicio, Esquilín presentó ante el tribunal de instancia otra moción de desestimación aludiendo nuevamente a una violación al debido procedimiento de ley. Ésta fue declarada con lugar, y se desestimó el caso.

El Ministerio Público acudió al Tribunal de Circuito y éste revocó el dictamen. Resolvió que la dilación por parte del Estado para presentar la acusación contra Esquilín no fue una que provocara a ésta un estado de indefensión, ni perjudicara la preparación de la defensa. Inconforme, Esquilín acudió ante nos señalando el siguiente error:

> Erró el Tribunal de Circuito al determinar que la peticionaria no presentó prueba que estableciera que la demora del Estado en someter el caso en su contra la situó en un estado de indefensión, ni que la preparación de la defensa se haya visto perjudicada por ello.

El error señalado se cometió. Veamos.

II

---

[1] El caso ha tenido un trámite procesal un poco accidentado. Una vez el Tribunal de Circuito declaró no ha lugar la moción de la peticionaria arguyendo violación al debido proceso de ley, se celebró la vista preliminar ante el tribunal de instancia y éste determinó causa probable para acusar por el delito de asesinato en primer grado. La defensa de Esquilín solicitó la desestimación de la acusación por ese delito. Dicho tribunal accedió a la solicitud y emitió una resolución *nunc pro tunc* determinando causa probable para acusar por el delito de homicidio (Art. 85 del Código Penal, 33 L.P.R.A. § 4004).

El Procurador General acudió al Tribunal de Circuito impugnando la resolución de instancia. Éste dejó sin efecto la resolución impugnada, reinstaló la acusación por el delito de asesinato en primer grado y devolvió el caso a instancia para que continúen los procedimientos. Esquilín presentó un recurso de certiorari ante nos, que fue denegado el 5 de junio de 1998. Véase, <u>Pueblo</u> v. <u>Esquilín Maldonado</u>, CC-98-376.

Ya señalado el juicio, Esquilín presentó en el 1998 ante el Tribunal de Circuito un recurso aduciendo violación a su debido proceso de ley. La defensa pretendía obtener revisión de una resolución emitida por el tribunal de instancia en el 1996. El Tribunal denegó el recurso. Esquilín acudió ante nos y el 20 de enero de 1999, denegamos el recurso.

Para que se active la protección que ofrece el debido proceso de ley en su vertiente procesal, tiene que existir un interés individual de libertad o propiedad. Rivera Santiago v. Srio. de Hacienda, 119 D.P.R. 265 (1987); U. Ind. Emp. v. A.E.P., res. el 13 de agosto de 1998, 98 T.S.P.R. 117, 98 J.T.S. 111, pág. 51. Una vez se cumpla con la existencia de un interés propietario o de libertad es preciso determinar cuál es el procedimiento exigido. Rivera Santiago v. Srio. de Hacienda, supra; U. Ind. E. v. A.E.P., supra. Si bien la característica medular es que el procedimiento debe ser uno justo, a través de la jurisprudencia normativa se han identificado componentes básicos del debido procedimiento de ley, tales como una notificación adecuada y la oportunidad de ser oído y de defenderse. U. Ind. E. v. A.E.P., supra.

En la esfera penal, se ha extendido la aplicación de los componentes básicos del debido proceso de ley a actuaciones del Estado antes del arresto o inicio de la acción penal.

Dentro de los componentes básicos del debido proceso de ley en su vertiente procesal penal, hemos expresado que, de ordinario, el único término que "obliga" al Estado a actuar es el término prescriptivo que el ordenamiento señala para los delitos. Ciertamente, el Estado no está en la obligación de radicar el caso ante el foro judicial hasta que no haya completado la investigación del mismo. Lo antes dicho no significa que el Estado, estando en posición de someter los casos,[2] innecesariamente se "cruce de brazos" durante años, situando a la persona, cuyo interés de libertad esté en juego, en un estado de indefensión. Esta dilación injustificada puede constituir una violación al debido proceso de ley. Pueblo v. Santiago, res. el 18 de enero de 1996, 96 J.T.S. 3, pág. 551. La existencia de perjuicio por la dilación del Estado es generalmente necesaria pero no necesariamente suficiente para sostener una alegación de violación al debido proceso de ley. United States v. Lovasco, 431 U.S. 783, 790 (1976).[3]

Para ayudar en el análisis de si se violó o no el debido procedimiento de ley en un caso específico, debemos determinar que la dilación del Estado provocó un estado de indefensión y estudiar las razones por las cuales el Estado demoró lo que demoró. Este

---

[2] El "estar en posición de someter el caso" no significa que se tenga prueba suficiente para probar todos los elementos del delito (causa probable) sino que el Ministerio se sienta en posición de probar el caso más allá de toda duda razonable. De ninguna manera esa frase se debe interpretar como que el Estado tenga que precipitar el proceso investigativo para que no se violente el debido proceso de ley. Véase, United States v. Lovasco, 431 U.S. 783, 791 (1976).

[3] En el ámbito local, hemos determinado que el perjuicio alegado debe demostrar "estado de indefensión", no sólo cualquier perjuicio. Véase, Pueblo v. Santiago, supra.

último componente del análisis no pretende inmiscuirse con la estrategia del Estado en someter cargos.[4]

Para que exista violación al debido proceso de ley debe concluirse que el interés en no perjudicar la defensa del acusado y su derecho a un juicio justo e imparcial se sobrepone **en las circunstancias específicas que presente el caso** en cuanto al interés del gobierno en la dilación resultante. Pueblo v. Padilla Arroyo, 104 D.P.R. 103, 107 (1975). En otras palabras, para que proceda un dictamen de violación al debido proceso de ley de la persona antes de su denuncia, (1) ésta debe demostrar que la dilación le causó un estado de indefensión; (2) y que la razón que tuvo el Estado para tal dilación no está razonablemente justificada más allá de la liberalidad con que se debe analizar el proceso investigativo.[5]

A la luz de estos parámetros, veamos, entonces, si la razón que tuvo el Estado para dejar transcurrir el periodo de seis años y medio desde que ocurrieron los hechos alegados hasta la radicación de la denuncia es una justificablemente razonable dentro de las circunstancias del caso de autos. Veamos también, si la dilación antes mencionada perjudicó a la peticionaria de manera que se haga patente la violación a su debido proceso de ley. En otras palabras, si tal dilación le provocó un estado de indefensión.

III

Para demostrar que la dilación del Estado en radicar la acusación le ha causado perjuicio a la acusada, ésta tiene que presentar prueba que señale que la dilación le ha provocado un estado de indefensión. La cantidad de prueba requerida es el de preponderancia de evidencia. Pueblo v. Soto Zaragoza, 94 D.P.R. 350, 353 (1967). Entre otras, se puede considerar como prueba fehaciente del perjuicio causado por la dilación la incapacidad del acusado o testigos para recordar las circunstancias particulares del día de los alegados hechos delictivos. Véase, Pueblo v. Padilla Arroyo, *supra*, pág. 108. También se puede tomar en consideración la no disponibilidad, por haber pasado tanto tiempo, de testigos que hubiesen podido declarar a favor de la acusada pero que ya se desconoce genuinamente su paradero. Pueblo v. Santiago, *supra*.

---

[4] "The Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor´s judgment as to when to seek an indictment." United States v. Lovasco, *supra*, pág. 790.

[5] La Corte Suprema Federal ha utilizado la frase "reckless disregard of circumstances, known to the prosecution" como una posible actuación que no está razonablemente justificada. United States v. Lovasco, *supra*, pág. 795. En United States v. Marion, 404 U.S. 307, 325 (1971), se dijo que "there is no showing that the Government intentionally delayed to gain some tactical advantage over appellees or to harass them."

Luego que la acusada cumpla con este peso de prueba, si quiere prevalecer, el Estado debe demostrar que el alegado perjuicio de indefensión no ocurrió o que su dilación no fue intencional u opresiva. Véase, Pueblo v. Rivera Tirado, 117 D.P.R. 419, 433, (1986).[6]

En el caso de autos, la peticionaria trajo prueba para demostrar la inhabilidad, por causa de muerte, de conseguir testigos potenciales. El Agente técnico de fotos y huellas de la escena del crimen falleció (véase pág. 22 de la vista evidenciaria de 8 de noviembre de 1996 del caso de autos). La persona, el Agente Elías Jiménez, que le asignaron la investigación del caso originalmente está muerta (véase pág. 26 y 27 de la vista evidenciaria). La persona que diligenció el arresto la noche de los hechos también está muerta (véase pág. 30 de la vista evidenciaria). Demostró también la inaccesibilidad de la persona que la estaba acompañando al momento de su arresto la noche en que ocurrieron los alegados hechos delictivos (véase pág. 40 de la vista evidenciaria).[7] Esta prueba demostró que hubo un menoscabo sustancial en la habilidad de la defensa para poder presentar su caso y sitúa a la peticionaria en un estado de indefensión.

Este estado de indefensión, por sí solo, no prueba que hubo violación al debido procedimiento de ley de la Sra. Carmen Esquilín. Hay que analizar ahora las circunstancias particulares del caso y si la actuación dilatoria del Estado es una razonablemente justificable.

La dilación por parte del Estado se debió a que el caso se archivó erróneamente en la oficina de casos archivados. No fue sino hasta que la Agente Claribel Rivera solicitó

---

[6] Se requieren distintos requisitos procesales en una alegación de incumplimiento con el derecho a juicio rápido. El acusado no tiene que demostrar estado de indefensión, simplemente perjuicio. El Estado, por su parte, puede presentar prueba demostrando justa causa para la tardanza. Específicamente, son cuatro los criterios a examinarse en conjunto, y con otras circunstancias relevantes, para evaluar las reclamaciones de violaciones al derecho a juicio rápido: (1) duración de la tardanza; (2) razones para la dilación; (3) si el acusado ha invocado oportunamente ese derecho; y, (4) perjuicio resultante de la tardanza. Pueblo v. Rivera Tirado, *supra*, pág. 433.
Al igual que el derecho a juicio rápido, la violación al debido proceso de ley conlleva un análisis de diversos factores. No puede descansar exclusivamente en una regla inflexible adherida a medidas de calendario. El enfoque debe ser de tipo pragmático. Por ende, es relativo y no absoluto. No es un concepto incompatible con ciertas tardanzas, pero éstas no deben ser intencionales ni opresivas. Pueblo v. Rivera Tirado, *supra*, pág. 433. Para efectos del debido proceso de ley, la tardanza no debe trastocar irremediablemente el derecho a un juicio justo e imparcial.

[7] Es menester aclarar que, como regla general, la muerte de testigos potenciales **no** provoca un estado de indefensión, ni es, por sí sola, motivo de desestimación o sobreseimiento de la causa penal. En el caso de autos la muerte de los testigos potenciales es uno de los factores a considerar para determinar si existe el estado de indefensión causado por la negligencia inexcusable del Estado. De ninguna manera se debe entender que en todo caso penal, donde se dilucidan hechos antes o después de la iniciación del procedimiento criminal, la muerte de testigos potenciales automáticamente produce un estado de indefensión que justifique un dictamen de violación al debido procedimiento de ley.

el expediente que el Ministerio Público realizó la búsqueda del mismo, seis años y medio después de los alegados hechos. La dilación no tenía nada que ver con el proceso investigativo del Estado, la dilación fue provocada por no tener un sistema adecuado y efectivo de seguimiento que le permitiera detectar cualquier anomalía en el trámite que se estaba siguiendo en el caso. Esto constituye una negligencia inexcusable para el debido procedimiento de ley. No se trata de un caso, como argumenta el Ministerio Público en su alegato, donde existe amenaza de desplomar el ordenamiento procesal penal en cuanto a la discreción del Estado de si procede o no acusar, cuándo acusar, y por qué delito acusar. Aquí simplemente no hay discreción investigativa del Estado porque no tenían idea de la existencia del caso. La tardanza fue innecesariamente opresiva.

Más aún, no estamos ante un caso en que el Ministerio Público se veía impedido de radicar la denuncia por alguna dificultad que razonablemente hubiese paralizado la investigación del caso. Por el contrario, el Ministerio Público tenía disponible el protocolo de autopsia desde el 13 de febrero de 1990, el informe balístico desde el 29 de marzo de 1990 y, desde el año 1990, el croquis de la escena y los informes de delito y arresto. Toda la evidencia presentada por el Ministerio Público al momento de la denuncia en 1996 estaba disponible en marzo de 1990.

La tardanza fue producida por la negligencia inexcusable del Ministerio Público, quien debe llevar a cabo un diligente manejo administrativo de los expedientes especialmente cuando está en juego la libertad de una persona. Dicha negligencia, considerando las circunstancias particulares de este caso, puso a la peticionaria en un estado de indefensión. Sólo tendría accesible el recuerdo de su versión de los hechos ocurridos aquella noche, ya que el que la acompañaba está desaparecido, dos de los agentes que la arrestaron han muerto y el agente que estudió la escena del crimen (técnico de fotos y huellas) también falleció.

Por los fundamentos antes expuestos, revocamos la determinación del Tribunal de Circuito. Se ordena el archivo y sobreseimiento del cargo contra la peticionaria por la infracción al Art. 83 del Código Penal.

Se dictará la correspondiente sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Recurrido

        v.                              CC-1999-933

Carmen Esquilín Maldonado

    Peticionaria


SENTENCIA


San Juan, Puerto Rico, a 19 de octubre de 2000


    Por los fundamentos expuestos en la Per Curiam que antecede, la cual se hace formar parte integral de la presente, revocamos la determinación del Tribunal de Circuito de Apelaciones.  Se ordena el archivo y sobreseimiento del cargo contra la peticionaria por la infracción al Art. 83 del Código Penal.

    Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita.  El Juez Asociado señor Corrada del Río concurre. El Juez Asociado señor Rivera Pérez no intervino.


                        Isabel Llompart Zeno
                    Secretaria del Tribunal Supremo