Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDOS<br><br>V.<br><br>CARLOS RUBEN QUINTANA FIGUEROA<br><br>RECURRENTES | KLCE202400322 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Sala:402<br><br>Civil Núm.: I1TR202300190<br><br>Sobre:<br><br>Art. 7.02 Ley 22 |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2024.

Evaluado el recurso ante nuestra consideración, se dicta Sentencia mediante la cual se confirma el dictamen emitido por el Tribunal de Primera Instancia, por estar el panel igualmente dividido. Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 7.

La Juez Brignoni Mártir emite voto particular, al cual se une el Juez Candelaria Rosa

La Jueza Díaz Rivera emite voto particular, al cual se une la Jueza Álvarez Esnard.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Número Identificador
SEN2024 _____

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDOS<br><br>V.<br><br>CARLOS RUBEN QUINTANA FIGUEROA<br><br>RECURRENTES | KLCE202400322 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Sala:402<br><br>Civil Núm.: I1TR202300190<br><br>Sobre:<br><br>Art. 7.02<br>Ley 22 |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

**VOTO PARTICULAR DE LA JUEZ BRIGNONI MÁRTIR, AL CUAL SE UNE EL JUEZ CANDELARIA ROSA**

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparece, Carlos Rubén Quintana Figueroa, (en lo sucesivo "el peticionario"). Ello, mediante el recurso de *certiorari* de epígrafe. Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida y notificada el 14 de febrero de 2024, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante la referida determinación, el tribunal de instancia declaró *No Ha Lugar* la "*Moción de Desestimación al Amparo de la Regla 64(n) (2),*" presentada por el peticionario.

Por los fundamentos que se exponen a continuación, hubiera expedido y revocado en determinación recurrida.

**I.**

Los hechos que nos ocupan tienen su origen el 6 de abril de 2023. En la referida fecha, el peticionario fue detenido en el pueblo de Mayagüez por el Agente del Orden Público Heriberto Ramos Pérez (en adelante," Agente Ramos"). Esto, dado que, el peticionario alegadamente violó el Artículo 7.02 sobre Manejo de vehículos de motor bajo los efectos de bebidas embriagantes, Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22-2000, según enmendada, 9 LPRA sec. 5202. A raíz de ello, el

Agente Ramos arrestó y trasladó al peticionario al Cuartel de Añasco. En dicho cuartel sometió al peticionario a una prueba de alcohol por la vía de aliento. Así las cosas, el 27 de septiembre de 2023 el peticionario fue citado para la celebración de una vista de causa probable para arresto, al amparo de la Regla 6 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II. R. 6. Al día siguiente, 28 de septiembre de 2023, se celebró la aludida vista. Mediante esta, el tribunal de instancia encontró causa probable para creer que el peticionario había cometido el delito que se le imputaba.

Posteriormente, el 1 de noviembre de 2023, el peticionario presentó "*Moción de Desestimación al Amparo de la Regla 64(n) (2)."* En síntesis, solicitó la desestimación del cargo en su contra, bajo el fundamento de que desde el día 6 de abril de 2023 estuvo sujeto a responder por el delio que se le imputaba. Ello, dado que, fue detenido, arrestado y trasladado al cuartel de policía para una realización de prueba de aliento. Añadió, que nuestro ordenamiento jurídico, al amparo de la Regla 64 (n)(2) de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II. R. 64(n), prohíbe que se presenten denuncias luego de transcurridos sesenta (60) días de haberse efectuado un arresto o citación.  Así pues, alegó el Ministerio Público incumplió con la referida regla, dado que, presentó la denuncia en exceso del término reglamentario.

En reacción, el 13 de noviembre de 2023, el Ministerio Publicó presentó una "*Moción en Oposición a Solicitud de Desestimación al amparo de la Regla 64*(n)." Contrario a lo aducido por el peticionario, argumentó, que el 27 de septiembre de 2023, fue en realidad la fecha en que el peticionario quedó sujeto a responder. Esto, dado que, en dicha fecha el peticionario fue apercibido de que se había entablado un proceso en su contra. Adujo, que en ese momento se activó el mecanismo procesal que lo exponía a una convicción. Por lo cual, solicitó al foro recurrido que declarara *No Ha Lugar* la "*Moción de Desestimación al Amparo de la Regla 64(n) (2),"* presentada por el peticionario.

En atención a los escritos presentados, el 21 de diciembre de 2023, el foro recurrido celebró una Vista Argumentativa. En dicha vista, las partes de epígrafe pudieron presentar sus posiciones en relación al asunto en controversia. Posteriormente, el 14 de febrero de 2024, el tribunal de instancia notificó una "*Resolución.*" Mediante esta, declaró *No Ha Lugar* la "*Moción de Desestimación al Amparo de la Regla 64(n) (2),*" presentada por el peticionario. En su dictamen, el foro recurrido esbozó las siguientes determinaciones de hechos no controvertidos:

1. Los alegados hechos que dan lugar a la instancia y procesamiento de la denuncia que pesa en contra del Sr. Carlos R. Quintana Figueroa en la causa de epígrafe datan del 6 de abril de 2023.

2. En esa fecha, el Agte. Heriberto Ramos Pérez intervino con el Sr. Quintana Figueroa y lo detuvo por alegadamente conducir un vehículo de motor bajo los efectos de bebidas embrigantes.

3. El Agte. Ramos Pérez, **puso bajo arresto** al Sr. Quinatana Figueroa y lo condujo al Cuartel de Distrito de Añasco para realizarle una prueba de aliento. [Énfasis suplido].

4. La Vista de Determinación de Causa para Arresto y/o Regla 6, donde se determinó Causa por los alegados hechos contra el señor [sic] Carlos R. Quintana Figeroa, se celebró el 28 de septiembre de 2023, ante el Hon. Juez Luis F. Padilla Galiano. Éste, luego de escuchar la prueba presentada, hizo una determinación de Causa por el delito imputado.

En desacuerdo, el 15 de marzo de 2024, el peticionario presentó el recurso de epígrafe. A través de este expuso los siguientes señalamientos de error:

Primer Error: Erró el TPI al concluir que la dilación de 175 días desde el arresto no violó la Regla 64 (n)(2), a pesar de que el Ministerio Público no argumentó ninguna razón para la demora.

Segundo Error: Erró el TPI al concluir que el arresto del peticionario no constituyó un arresto y por tanto no estuvo sujeto a responder para efectos de la violación al derecho constitucional de juicio rápido del Artículo II sección 11 de la Constitución del Estado Libre Asociado de Puerto Rico, la Enmienda VI de la Constitución de Estados Unidos y la Regla 64 (n) (2) de las de Procedimiento Criminal.

Tercer Error: Erró el TPI al no tomar en consideración los (5) criterios que exige la Regla 64 (n) de Procedimiento Criminal para evaluar la procedencia de la solicitud de desestimación sin la celebración de una vista evidenciaría.

**II.**

**A. Recurso de *Certiorari*:**

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). A pesar de la amplitud de errores que pueden ser revisados mediante el *certiorari* este auto sigue siendo un recurso discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso. *Íd.*, pág. 918. Las resoluciones u órdenes dictadas por los tribunales de primera instancia son revisables ante este Tribunal de Apelaciones, mediante el recurso de *certiorari*. Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico, supra*. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Íd.*; *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra,* dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G**. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

**B. Derecho a Juicio Rápido**:

El derecho a juicio rápido, consagrado en el Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico, dispone que "[e]n todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público". Este derecho está anclado en el derecho a que se juzgue sin dilación alguna al acusado. *Pueblo v. Thompson Faberllé*, 180 DPR 497, 502 (2010). Por un lado, evita que una demora indebida haga más difícil para el Estado el procesamiento y por el otro, evita la detención opresiva y la reducción de las posibilidades de afectar las defensas del acusado. *Pueblo v. Rivera Santiago*, 176 DPR 559, 571 (2009). El derecho a juicio rápido se activa a partir del "momento en que la persona está sujeta a responder (*held to answer*), ya sea porque fue arrestado o porque de alguna forma se pone en movimiento el mecanismo procesal que lo expone a una convicción". *Pueblo v. Carrión*, 159 DPR 633, 640 (2003).

La protección que brinda este derecho no es absoluta ni opera en un vacío. *Pueblo v. Custodio Colón*, 192 DPR 567, 581 (2015). El derecho a juicio rápido se enmarca en el debido proceso de ley y en la normativa estatal que gobierna los procedimientos criminales. *Íd.* A tales efectos, la Regla 64(n) de Procedimiento Criminal, *supra,* establece los fundamentos para solicitar la desestimación de la acusación o denuncia criminal por violación a los términos de juicio rápido y el proceso a seguir ante tal solicitud. Particularmente, el inciso dos (2) de dicha regla establece que el Estado tiene un término de sesenta (60) días contados a partir del arresto o citación para presentar una denuncia o acusación.

Ahora bien, la existencia de un derecho a juicio rápido no consiste en el cálculo aritmético de los días de demora, por lo que el tribunal debe determinar si existe justa causa para la demora, o si se debió a la solicitud

del acusado o a su consentimiento. *Pueblo v. Santa-Cruz*, 149 DPR 223 (1999). En este análisis la discreción de los tribunales para determinar si se justificó la dilación o si se le violó el derecho a juicio rápido esta guiada por los siguientes criterios: (1) duración de la tardanza; (2) razones para la dilación; (3) si el acusado ha invocado oportunamente su derecho; y (4) el perjuicio resultante de la tardanza para el acusado. *Pueblo v. Custodio Colón*, supra, pág. 583.

Al sopesar, el Tribunal Supremo ha determinado que ninguno de estos criterios es determinante por sí solo en la adjudicación del reclamo, pues el peso que se le confiera a cada uno depende de las demás circunstancias relevantes que el tribunal viene obligado a examinar. *Pueblo v. Rivera Santiago*, supra; *Pueblo v. Valdés*, 155 DPR 781, 792 (2001). La mera inobservancia del término no necesariamente constituye una violación al derecho a juicio rápido, ni conlleva la desestimación de la denuncia o la acusación. *Id.* en la pág. 793. El remedio extremo de la desestimación debe concederse tras el análisis ponderado del balance de los criterios antes expuestos. *Id.*

Lo esencial es determinar si la demora fue intencional y opresiva. *Pueblo v. Custodio Colón*, supra, pág. 583. El perjuicio alegado por el acusado que le ha causado la dilación no puede ser abstracto, este ha de ser real y sustancial. *Íd,* en las págs. 583-84. Cuando la dilación sea atribuible al gobierno, le corresponde al Ministerio Público persuadir al tribunal de las razones o justa causa para ello. *Íd.* Las demoras institucionales, tales como la congestión en el calendario del tribunal, cuando los paneles de jurado no estén listos, enfermedad de un juez o el receso por vacaciones del tribunal, entre otros, también se imputan al Estado, por lo que este es responsable de demostrar justa causa. *Pueblo v. Rivera Santiago*, *supra*, en la pág. 576. Sin embargo, estas dilaciones institucionales se evalúan con menor rigurosidad que aquellas intencionales. *Id.*

En suma, del texto de la Regla 64(n) de Procedimiento Criminal, *supra*, surge que los tribunales deben ponderar los criterios antes esbozados y emitir una determinación fundamentada. En este ejercicio el tribunal deberá determinar las razones para la dilación y en qué manera afectaron el derecho a juicio rápido del acusado. Si concluye que no hubo justa causa, procede la desestimación de la acción penal.

**C. Debido Proceso de Ley:**

En nuestro ordenamiento jurídico el debido proceso de ley tiene una vertiente sustantiva y una procesal. Para que se active la vertiente procesal, tiene que existir un interés individual de libertad o propiedad. *Pueblo v. Esquilín Maldonado*, 152 DPR 257, 262 (2000). La referida vertiente procesal tiene una serie de componentes básicos. Estos son los siguientes: una notificación adecuada, la oportunidad de ser oído y defenderse. *Íd.* Dichos componentes se han extendido a la esfera penal en los periodos que comprenden las actuaciones del Estado antes del arresto o inicio de la acción penal. *Íd.* Se ha precisado que el Estado no está obligado a radicar el caso ante el foro judicial hasta tanto complete la investigación de este. *Pueblo v. Santiago*, 139 DPR 869, 874 (1996). Sin embargo, nuestro Tribunal Supremo ha precisado que lo anterior no significa que "el Estado, estando en posición de someter los casos, innecesariamente se "cruce de brazos" durante años, situando a la persona, cuyo interés de libertad está en juego, en un estado de indefensión. Esta dilación injustificada puede constituir una violación al debido proceso de ley." *Pueblo v. Esquilín Maldonado*, supra, págs. 262 – 263. Cónsono con lo anterior, ha expresado que **la determinación cuán corto o largo sea el periodo de tiempo dentro del cual el Estado viene en la obligación de someter el caso es una que, naturalmente, debe hacerse caso a caso. (Énfasis nuestro).** *Pueblo v. Santiago*, supra, pág. 875.

**III.**

En esencia, el peticionario argumenta que incidió el foro recurrido al no desestimar los cargos en su contra, a pesar de que el Ministerio Público

no presentó una denuncia dentro del término de sesenta (60) días, dispuesto en nuestro ordenamiento procesal criminal para presentar una denuncia o acusación luego de efectuado un arresto o citación. Le asiste la razón. Veamos.

La existencia de un derecho a juicio rápido se fundamenta en minimizar las ansiedades y preocupaciones del imputado. De igual modo, evita que su defensa se afecte. *Pueblo v. Valdés*, supra. El derecho a juicio rápido no es una doctrina que se implementa de forma automatizada. Es sabido, que el referido derecho constitucional se debe ajustar a las exigencias de cada caso. Toda vez que, requiere una ponderación de los intereses envueltos. *Íd.* Al ser de esta forma, el derecho a juicio rápido cubre varias etapas entre el arresto y el juicio. Es decir, el surgimiento del derecho a juicio rápido se encuentra en etapas tempranas de un proceso penal, según las circunstancia propias e individuales del caso en cuestión. *Íd.*

Para la génesis del derecho a juicio rápido, el elemento umbral es que la persona esté sujeta a responder. Conforme fue expuesto, jurisprudencialmente se ha establecido que una persona está sujeta a responder cuando ha sido arrestada o se ha puesto en marcha el mecanismo procesal que le expone a una convicción. *Pueblo v. García Colón I,* 182 DPR 129, 141 (2011). En el caso particular de la Regla 64 (n)(2) de las Reglas de Procedimiento Criminal, *supra,* nuestro mas Alto Foro ha expresado que una persona queda sujeta a responder en diversos escenarios. Estos son los siguientes:

a). Desde que se determina causa probable para arrestar o citar en virtud de la Regla 6 de las Reglas de Procedimiento Criminal, supra.

b). Desde que se arresta a una persona sin la existencia de una orden judicial de arresto, conforme las Reglas 11 y 12 de las Reglas de Procedimiento Criminal, *supra*, 34 LPRA Ap. II, R. 11 y R. 12.

c). Desde que se expide una citación al amparo de la Regla 7(a) de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 7. Véase, *Pueblo v. García Colón I,* supra, pág. 142.

En el caso que nos ocupa, no existe controversia sobre que el peticionario fue arrestado. Entre la prueba presentada existe un "*Informe de Incidentes*," realizado por la Policía de Puerto Rico. En dicho informe surge que el peticionario fue arrestado el día de los hechos. Si ello no fuera suficiente, el tribunal de instancia esbozó la detención y el arresto del peticionario como unas determinaciones de hecho no controvertidas. Siendo así, bajo las particularidades de este caso, el derecho a juicio rápido se activó desde el momento en que el peticionario fue arrestado. Conforme nuestro ordenamiento jurídico ese día quedó sujeto a responder. Acentuamos, que esta controversia no versa sobre un imputado (en este caso el peticionario), cuyo petitorio es extender, sin más, las garantías del derecho a juicio rápido al día de los alegados hechos delictivos. Por el contrario, es un caso en el que el día de los presuntos hechos delictivos, el peticionario estuvo sujeto a responder. Ello, por la razón incontrovertida de que fue arrestado.

La posición del Ministerio Público se sintetiza en que llevemos a cabo una interpretación sobre el derecho a juicio rápido restringida y aislada de las circunstancias que permean la controversia. Esto no nos persuade. Como fue expuesto, el derecho a juicio rápido no solo se activa al momento de que un magistrado expide una orden de arresto. Existen otros contextos, como el presente, en el que un imputado queda a merced de los mecanismos procesales del Estado. Reiteramos, expresamente nuestro más Alto Foro ha adoptado la realización de un arresto como una actuación estatal que activa la garantía constitucional de juicio rápido. De esta manera, le correspondía al Ministerio Público exponer las razones por las cuales se demoró 174 días en citar al peticionario para que compareciera a una vista al amparo de la Regla 6 de las Reglas de Procedimiento Criminal, *supra.* Del expediente ante nuestra consideración,

no se desprende alguna justificación para tan excesiva dilación. Máxime, cuando nos encontramos ante el escenario de un delito menos grave, cuya prueba de alcohol fue por la vía de aliento. Dicha prueba no requiere la rigurosidad investigativa de una prueba de sangre. Por tanto, concluimos que el foro recurrido incidió al determinar que la tardanza del Ministerio Público no violó el término dispuesto en la Regla 64 (n)(2) de las Reglas de Procedimiento Criminal, *supra*.

De otra parte, si dicho remedio no fuera suficiente, el asunto ante nos también contiene una violación a las garantías del debido proceso de ley. Las dilaciones innecesarias e injustificadas del Ministerio Público para someter cargos están cobijadas por dicha disposición constitucional. Véase, *Pueblo v. Esquilín Maldonado*, supra. Una demora del Ministerio Público de 174 días para citar al peticionario a una vista al amparo de la Regla 6 de las Reglas de Procedimiento Criminal, *supra*, dentro de un caso sobre un delito menos grave, trastoca las garantías de un juicio justo.

En las circunstancias del presente caso, el peticionario queda sometido a diversos perjuicios. Entre ellos, la posibilidad de defenderse de un caso cuyos hechos ocurrieron en un tiempo remoto y el Ministerio Público guardó silencio en la justificación de su dilación. Ante ello, y a tenor de las salvaguardas constitucionales expuestas, y la falta de justificación del Ministerio Público para citar tardíamente al peticionario, concluimos que los señalamientos de error fueron cometidos.

Por los fundamentos expuestos, lo procedente sería expedir el auto de *certiorari* y revocar la determinación recurrida.

Maritere Brignoni Mártir
Juez de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO RECURRIDOS V. CARLOS RUBÉN QUINTANA FIGUEROA RECURRENTES | KLCE202400322 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez Sala:402 Civil Núm.: I1TR202300190 Sobre: Art. 7.02 Ley 22 |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

## VOTO PARTICULAR DE LA JUEZA DÍAZ RIVERA

Debido a que la controversia planteada en el caso de autos es una de estricto derecho, acojo el tracto fáctico detallado en el Voto Particular de mis compañeros. No obstante, por los fundamentos que expondremos a continuación, expediríamos el recurso y confirmaríamos el dictamen recurrido.

Tanto la Enmienda Sexta de la Constitución de Estados Unidos, como la Sección 11 del Artículo II de la Constitución de Puerto Rico, disponen que en todos los procesos criminales el acusado disfrutará de un juicio rápido. En el presente caso, este Tribunal está llamado a determinar desde cuándo comienza a decursar ese término de juicio rápido, codificado en las Regla 64(n) de Procedimiento Criminal, particularmente en la Regla 64(n)(2), 34 LPRA Ap. II R. 64(n)(2). En lo pertinente, la Regla 64(n)(2) dispone lo siguiente:

> *"La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas solo podrá basarse en uno o más de los siguientes fundamentos:*
> *[…]*
> *(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:*

*(1) [...]*

*(2) Que no se presentó acusación o denuncia contra el acusado dentro de los sesenta (60) días de su arresto o citación si se encontraba bajo fianza o dentro de los treinta (30) días si se encontraba sumariado o si se tratare de un caso en que un magistrado autorizó la radicación de las mismas de conformidad con lo dispuesto en la Regla 6(a)."*

De una lectura de la citada disposición legal surge que, el término de juicio rápido de un acusado comienza a decursar desde el arresto o citación, si se encontrara bajo fianza. A nuestro entender y según está firmemente establecido en nuestro ordenamiento jurídico, el arresto al que hace referencia la precitada Regla es la determinación de causa para arresto hecha por un magistrado y no la mera detención física de un sospechoso de delito por parte de un agente del orden público. Nótese que, en el lenguaje utilizado por el legislador, acto seguido a la palabra "*arresto*" se hace referencia a la citación hecha por un tribunal luego de que la persona tiene una determinación de causa para arresto en su contra, pero está libre bajo fianza. Debemos concluir entonces que, el "*arresto*" al que hace referencia el inciso (n)(2) es aquel que se lleva a cabo luego de la determinación de causa para arresto; es decir, cuando la persona queda sumariada por no prestar la fianza. Como es sabido, una persona no queda sumariada sin fianza hasta que haya una determinación de causa para arresto. Por ello, la diferencia entre el término de treinta (30) días si la persona se encuentra sumariada y de sesenta (60) días si se encuentra bajo fianza.

Añadimos que, la interpretación de la palabra "*arresto*" que hace el peticionario, a los fines de que se tome como punto de partida para computar el término de juicio rápido la detención del día de los hechos, no tiene cabida en nuestro ordenamiento jurídico. De ser correcta la interpretación que propone el peticionario, no tendría sentido alguno la jurisprudencia establecida en *Pueblo v. Aponte Nolasco*, 167 DPR 578 (2006). En ese caso, nuestro máximo

Foro determinó que cuando una persona es detenida y continúa detenida hasta la radicación de cargos, el Estado tiene un término de treinta y seis (36) horas para llevarlo ante un magistrado. Cualquier exceso a esas treinta y seis (36) horas se presume irrazonable. En otras palabras, si se acoge la interpretación del peticionario, el Estado tendría un término de ciento veinte (120) días para llevar el sospechoso ante un magistrado y no treinta y seis (36) horas.

En adición a lo antes esbozado, señalamos que la controversia ante nuestra consideración no es una controversia novel, sino que ha sido atendida anteriormente tanto por el Tribunal Supremo de Estados Unidos, como el Tribunal Supremo de Puerto Rico. *Veamos.*

En *Pueblo v. Rivera Tirado*, 117 DPR 419, 431 (1986), nuestro Tribunal Supremo expresó que, como regla general, el término de juicio rápido cobra vigencia desde que el **imputado** de delito es detenido o está sujeto de responder. Resaltamos la palabra "*imputado*", pues una persona no es imputada de delito sino hasta la determinación de causa para arresto en su contra hecha por un magistrado. A modo de ejemplo, en *Pueblo v. Guardiola Dávila*, 130 DPR 585 (1992), el Tribunal Supremo entendió que se había activado el derecho a juicio rápido, ya que se había iniciado la acción penal con la orden de arresto expedida por un magistrado y el sujeto quedaba sujeto a responder.

Si atendemos el sentido histórico legal, allá para el 1959 y 1960, a pesar de que la realidad procesal era distinta (pues existía el concepto de denuncia-citación que ya no existe y los términos de juicio rápido estaban codificados en el Art. 448 del Código de Enjuiciamiento Criminal) la frase "*held to answer*" significaba algo más que el concepto detención física o arresto. Desde aquel entonces, la frase "*held to answer*" no era sinónimo de detención

física, aunque comprendía esta. Así pues, incluía además la determinación de un magistrado de que una persona debía responder ante la ley de la comisión de un delito. *Emiliano Martínez Avilés v. Tribunal Superior*, 81 DPR 945 (1960).

La historia de estas disposiciones comprueba el análisis y conclusión a la que llegamos en este voto particular. El entonces Art. 448 del Código de Enjuiciamiento Criminal se tomó del Art. 1382 del Código Penal de California. *"¿Qué significaba la frase "held to answer" en ese art. 1382? [...] En ese sistema, la frase held to answer del art. 1382 tenía (y tiene) un significado preciso. Se refería exclusivamente a la actuación del magistrado de determinar causa contra una persona querellada y de ordenar por ese motivo su encarcelación, con o sin derecho a prestar fianza."* Pueblo v. Tribunal Superior, 81 DPR 455 (1959). En ese caso, concluyó el Tribunal que, *"[e]n los estados de la Unión se requiere terminantemente que la persona esté detenida para responder ("held to answer") o encarcelada ("committed")* **por orden de un magistrado** *para que comiencen a contar los términos que las leyes fijan para presentar la acusación"*. (Énfasis suplido). En virtud de esa decisión, se incorporó esa interpretación en nuestra jurisdicción, pues el Tribunal Supremo resolvió que *"[l]uego de un examen exhaustivo no hemos podido hallar una sola disposición constitucional o de ley ni una sola interpretación judicial que exijan comiencen a contarse los términos antes de tener lugar una de esas actuaciones oficiales"*. Íd., pág. 468.

Posteriormente, en *Pueblo v. Markus Irizarry Quiñones*, 160 DPR 544 (2003), el Tribunal Supremo de Puerto Rico expresó claramente desde cuándo una persona está sujeta a responder conforme a nuestro ordenamiento procesal actual. En esa oportunidad nuestro más alto foro expresó lo siguiente:

> *"[s]abido es que la acción penal en nuestro ordenamiento jurídico se inicia con la determinación de causa probable*

> *para arrestar o al citarse una persona para que responda ante los tribunales por la comisión de un delito. D. Nevares-Muñiz, Sumario de Derecho Procesal Puertorriqueño, 5ta. Ed. Rev., San Juan, Ed. Instituto para el Desarrollo del Derecho, 1998, pág. 43; Pueblo v. Jiménez Cruz, 145 DPR 803, 809-10 (1998). "[S]e trata de la presentación formal de una denuncia ante un tribunal, del proceso de determinación de causa probable para el arresto o citación, o de la conducción del arrestado ante un magistrado cuando se le arresta sin la orden correspondiente." E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1993 Vol III, pág. 20. Es desde ese momento que el tribunal adquiere jurisdicción sobre la persona del imputado, Pueblo v. Miró González, 133 DPR 813, 819 (1993) y ésta queda sujeto a responder ("held to answer") por la comisión del delito en un juicio adversativo. Nevares-Muñiz, Sumario de Derecho Procesal Puertorriqueño, ante, a la pág. 43."*

En el caso ante nuestra consideración, surge del expediente que los alegados hechos ocurrieron el 6 de abril de 2023. En esa fecha, el peticionario fue detenido por una alegada violación al Art. 7.02 de la Ley Núm. 22-2000, conocida como "Ley de Vehículos y Tránsito de Puerto Rico" y fue puesto bajo "*arresto*" y trasladado al Cuartel de Añasco para ser sometido a una prueba de alcohol. Posteriormente, el 27 de septiembre de 2023, el peticionario fue citado, por primera vez, para la correspondiente vista de causa probable para arresto ante un magistrado al amparo de la Regla 6 de las de Procedimiento Criminal, 34 LPRA Ap. II. R. 6. Dicha vista se celebró el 28 de septiembre de 2023 y el magistrado hizo una determinación de causa para arresto. No surge de la copia de la denuncia para cuándo se citó el juicio, pero es un asunto inmaterial para esta controversia.

De conformidad con la norma jurídica esbozada en *Pueblo v. Markus Irizarry Quiñones, supra*, en el presente caso, contrario a lo que alega el peticionario, el término de juicio rápido no comenzó a decursar desde que fue detenido el día de los hechos, pues en ese momento no quedó sujeto a responder. El término de juicio rápido comenzó a decursar desde que fue citado por primera vez para responder ante un magistrado, entiéndase el 27 de septiembre de

2023. Por lo cual, transcurrió solo un (1) día para que se procediera con la radicación de cargos y un magistrado hiciera la determinación de causa probable para arresto, pues la vista de causa probable para arresto al amparo de la Regla 6 de las de Procedimiento Criminal se celebró el 28 de septiembre de 2023. Concluimos, por lo tanto, que el primer y segundo error no se cometieron.

Por otro lado, somos del criterio de que antes del comienzo de la acción penal, el Ministerio Público sólo está limitado por los términos de prescripción de la acción de la acción penal y, **en situaciones muy especiales**, por las exigencias del debido proceso de ley. Véase E.L. Chiesa Aponte, *Procedimiento Criminal y la Constitución: Etapa Adjudicativa*, Ediciones Situm, 2018, pág. 346. Así, en *United States v. Lovasco*, 431 US 783, 784 (1977), "*[s]e puso énfasis en el rol limitado del debido proceso de ley en cuanto a la discreción del ministerio fiscal para acusar. Para configurar una violación al debido proceso de ley, no es suficiente con estimar que la dilación le causó perjuicio al acusado.*" Chiesa Aponte, *op. cit.,* pág. 347.

De ordinario, el único término que obliga al Estado a actuar es el término prescriptivo. Definitivamente, el Estado no está en la obligación de radicar el caso ante el foro judicial hasta que no haya completado la investigación del mismo. Claro está, ello no significa que el Estado, estando en posición de someter los casos, innecesariamente se cruce de brazos, poniendo al imputado en un estado de indefensión. No albergamos duda de que esa dilación injustificada puede constituir una violación al debido proceso de ley. *Pueblo v. Santiago*, 139 DPR 869 (1996). Finalmente, la existencia de perjuicio por la dilación del Estado es necesaria, pero no necesariamente suficiente para sostener una alegación de violación al debido proceso de ley. *United States v. Lovasco, supra,* pág. 790.

En Puerto Rico, ante una moción de desestimación por violación al debido proceso de ley por dilación irrazonable en someter el caso al foro judicial, el tribunal debe celebrar una vista evidenciaria. Chiesa Aponte, *op. cit.,* pág. 353. Para que proceda un dictamen de violación al debido proceso de ley antes de la radicación de la denuncia, el sospechoso debe demostrar en esa vista que la dilación le causó un estado de indefensión y que la razón que tuvo el Estado para tal dilación no está razonablemente justificada más allá de la liberalidad con que se debe analizar el proceso investigativo. *Pueblo v. Esquilín Maldonado,* 152 DPR 257, 263 (2000). Dicho de otro modo, para demostrar que la dilación del Estado en radicar la denuncia o acusación le ha causado perjuicio, el sospechoso tiene que presentar prueba que demuestre que la dilación le ha provocado un estado de indefensión. La cantidad de prueba requerida es el de preponderancia de la evidencia. *Pueblo v. Soto Zaragosa,* 94 DPR 350, 353 (1967).  Luego de que el sospechoso haya cumplido con ese peso de la prueba, entonces el Estado debe demostrar que el alegado perjuicio o estado de indefensión no ocurrió. *Pueblo v. Rivera Tirado, supra,* 433.

Aplicando lo anterior al caso ante nuestra consideración, es forzoso concluir que el peticionario no demostró por preponderancia de la prueba que haya sufrido un perjuicio y que el Estado lo haya situado en un estado de indefensión. Concluimos, por lo tanto, que no procede una desestimación por violación al debido proceso de ley.

Por los fundamentos anteriormente expuestos, expediríamos el recurso de *certiorari* y confirmaríamos el dictamen recurrido.

En San Juan, Puerto Rico, a 30 de abril de 2024.

La Jueza Álvarez Esnard se une al voto particular la Jueza Díaz Rivera.

Karilyn M. Díaz Rivera
Jueza del Tribunal de Apelaciones